and mr. Lee you are up first you may proceed good afternoon your honors and may it please the court this capital habeas corpus case should be resolved by an order vacating and remanding for further proceedings in light of Sasser versus Hobbs could you adjust that microphones yes I also raise that lectern if you want I get it wherever you want it okay is that better the district court below dismissed mr. Dansby's ineffective assistance of counsel claims or at least those that are presently before this court solely on the ground that they were procedurally defaulted mr. Dansby had argued that his post-conviction counsel in state court performed ineffectively and that the ineffectiveness of state post-conviction counsel excused any procedural default but the district court ruled as a matter of law ineffective assistance of post-conviction counsel can never excuse a procedural default this court's decision in Sasser versus Hobbs establishes that the district courts holding is erroneous so the question now is what should this court do and I think in deciding what to do the court should look to how the Fifth Circuit and the Ninth Circuits handled Trevino and Martinez respectively when those cases were on remand from the Supreme Court both the Fifth Circuit and the Ninth Circuit entered one paragraph per curiam orders vacating and remanding for further proceedings in light of Trevino on the one hand or Sasser on the other the reason is that the Supreme Court had already ruled in those jurisdictions that ineffective assistance of state post-conviction counsel could be caused to excuse a procedural default and the district court was best positioned to apply that rule to the facts in the first instance here Sasser has already ruled for Arkansas that in cases arising from Arkansas ineffective assistance of post-conviction counsel may be caused to excuse a procedural default under certain circumstances and so as in Trevino and Martinez this court should vacate and remand for the district court to apply that rule to the facts in the first instance a vacating remand is appropriate not only because the district court is in the best position to make this fact sensitive decision in the first instance but also because the district court may hold an evidentiary hearing or may decide to exercise its discretion to stay this case and hold it in abeyance to allow the state courts to consider Mr. Dansby's ineffective assistance of counsel claims in the first instance in Trevino the Fifth Circuit's decision on remand in Trevino specifically noted that the district court should assess whether to stay the claims and hold them in abeyance to allow the state courts a first shot to hear them and that would certainly be an appropriate thing for this court to do in this case the state does make an effort to distinguish Sasser in its brief but none of the distinctions that it tries to draw are persuasive do you see Sasser as declaring as a rule of law that a panel must remand a case or do you think that is in other areas a panel has discretion to proceed to the merits or remand depending on the circumstances your honor the way that I read Sasser is to say that if the ineffective assistance of counsel claims are potentially meritorious that it doesn't say that do you think it says well what do you mean by potentially it does say potentially marriage right right so do a substantiality analysis I read Sasser's potentially meritorious language as similar to the substantiality analysis I could be I could be wrong it means the court did a substantial analysis before it remanded the claims it could have been that I'm sorry to interrupt well I'm saying if you read it that way then it suggests that we should do a substantiality analysis and if we conclude the claims are insubstantial then we would not remand if we conclude they are substantial we would remand well this court has already conducted a substantiality analysis well I saw I saw that argument in your brief but really we just said there was sufficient grounds for briefing on whether there are substantial claims couldn't you read the COA that way no your honor slack versus McDaniel says before granting a certificate of appeal ability that a court must find that the petitioner has made a substantial showing of the denial of a constitutional right and so this court's grant of a certificate of appeal ability I thought all that had to be was fairly debatable that's what the Supreme fairly debatable about whether there's a substantiality that's not what slack holds your honor what slack says is that where the claim is debatable amongst jurist of reasons that that is a substantial claim so the sick maybe it was improvidently granted then if we misunderstood the standard no your honor I do not think that it was improvidently granted the state hasn't argued that it's improbably granted and mr. Dansby's ineffective assistance of counsel claims are substantial with respect to mr. Dansby's claims of ineffective assistance of counsel at the guilt phase the state before you go to those and that's important but one other question on sasser as I recall sasser the court said there were no fewer than 16 ineffective assistance claims and then it said all but four of those are procedurally barred meritless or both so does that suggest that the court did do some sorting well and declined to remand at least some again I I don't know exactly whether the potentially meritorious language is equivalent to the substantiality or whether they're saying there's a potential that the district court could find their substantial but what I'm saying what about the other twelve yes it did it that's right it did undertake some preliminary review of of the merits of the claims and it found sasser held that the guilt phase claims in sasser were not potentially meritorious and therefore remand was not warranted okay so you would agree that at least under our precedent there's authority that we don't have to remand everything we can do some kind of threshold analysis right and my position after that is that number one the threshold analysis has already been conducted and number two if this court is going to conduct a further threshold analysis that mr. Dansby's claims are substantial okay well you wanted to speak to the right now I I the primary argument that the state relies on to say that mr. Dansby's claims of ineffective assistance of counsel at the guilt phase are not substantial is its argument that that there was no mr. Dansby had a duty to retreat if he could have done so in complete if incomplete safety now I think that this is wrong for several reasons the first of which is that it overlooks that mr. Dansby's petition alleged prejudice not only based on the fact that he that the jury might have determined that he acted in self-defense but he also alleged that the evidence that tended to show self-defense or tended to show that there was a struggle also would have supported what I call lesser included defenses such as extreme emotional distress or a lesser mens rea so if for example trial counsel had introduced evidence that the gun went off during a struggle rather than after mr. Dansby gained control of the gun so we've we've argued that there are witnesses who would have testified that it wasn't a struggle for the gun and then gunshots that they both happened at the same time if trial counsel had introduced that evidence it could have supported a self-defense claim if not it could have supported a claim that mr. Dansby acted under extreme emotional distress which would have led to a manslaughter conviction as to all three shots all my understanding is that in Brenda Dansby's case that there were two gunshot wounds in Brenda Dansby's case there were some witnesses who testified that there were three shots it's not clear whether all of those were fired by mr. Dansby and there was also evidence in the record there's evidence that we've alleged trial counsel should have presented that all of those shots were the the second reason that the state's argument against guilt-faced prejudice can't stand up is that under Arkansas law it's the state's obligation to disprove self-defense beyond a reasonable doubt so the state argues that mr. Dansby could have retreated with complete safety it would have had to prove beyond a reasonable doubt that mr. Dansby could have retreated with substantial evidence that a juror that a reasonable juror could have found that he could have retreated with complete safety beyond a reasonable doubt it has to show that there's no reasonable likelihood that the jury could have had a reasonable doubt and certainly based solely on the pleadings without giving mr. Dansby the opportunity for an evidentiary hearing it can't make that showing isn't the evidence pretty clear that he was the provoker though no your honor the evidence is not clear that he was the provoker he showed up with the gun at their house that's true mr. Dansby mr. Dansby statement was that he brought a gun to the house because he knew that that Brenda Dansby and Ronnie Kimball were always armed and that Ronnie Kimball had pulled a gun on him and threatened his life on a previous occasion so he wanted to speak with mrs. Dansby but he knew that these people were armed and that they had threatened him on a previous occasion the the other evidence that indicates that mr. Dansby did not provoke this is the the initial audio recording of the interview that Greg Riggins gave to the police on the day of the incident and his his initial statement to the police which trial counsel ineffectively failed to introduce was that when he came to the window after hearing the first gun shot the first thing that he saw was Brenda Dansby with a gun in her hand up in the air and that Ray Dansby that she had control of the gun and that Ray Dansby was struggling to get it from her in addition the statements that mr. Dansby gave after the offense describing his version of the incident both the and also the true statement that he gave to Larry McDuffie and what Larry McDuffie would testify to at an evidentiary hearing on remand was that the first thing that happened was Ronnie Kimball answered the door threatened his life and reached for his gun and that he shot at Ronnie Kimball only after Ronnie Kimball threatened his life and reached for his gun and that he shot Brenda Dansby reached for her gun and also suggesting that Ray Dansby didn't start this is that Brenda Dansby was shot with her own gun so that that also indicates that she's the one that pulled the gun out or at least that's what we'll prove at an evidentiary hearing on remand furthermore I don't think that any of this goes towards showing that the crime was premeditated which is what the state is required to show for a capital conviction now the state's theory of why mr. Dansby's claim of ineffective assistance of counsel at the penalty phase the state has a theory for why that isn't substantial and it says that the reason is that mr. Dansby's childhood wasn't as difficult as those that have as the childhoods of Supreme Court cases in cases of this court that have resulted in penalty phase relief but the state overlooks that mr. Dansby's theory of penalty phase prejudice isn't that just as a generic matter he had a hard childhood rather mr. Dansby's theory of penalty phase prejudice is that the particulars of his childhood caused him to develop a very specific psychological problem insecure attachment and that this insecure attachment goes a long way to explaining the specifics of what happened so mr. Dansby's theory of penalty phase prejudice is strong because the mitigation that trial counsel ineffectively failed to discover and present had a tight nexus to the offense and while a nexus to the offense is not required is not a constitutional requirement for mitigation to be presented it certainly makes mitigating evidence more persuasive so mr. Dansby's theory of penalty phase prejudice is that experiences during his childhood over which he had no control inexorably led him to develop these deep-seated psychological problems that produced the offense the state also attempts to distinguish sasser by arguing that this court can decide that post-conviction counsel was not ineffective based on the record alone and sasser of course says that that should be handled by the district court for the on remand after an evidentiary hearing but if this court were inclined to take a look at mr. Dansby's argument of ineffective assistance of penalty phase counsel ineffective assistance of state post-conviction counsel it should certainly find that that claim is also substantial the state the theory running through the state's brief is that post-conviction counsel somehow made a decision not to raise the claims of ineffective assistance of counsel that mr. Dansby is raised here but because counsel did raise other claims right right but the problem with that are you the ones that you want to raise are not clearly stronger than the ones counsel did raise that is that what they that's the state's theory so so the the problem with that is this this case was dismissed at the pleading stage and mr. Dansby's petition alleges that post-conviction counsel never even did the investigation necessary to discover these claims actually post-conviction counsel didn't do any independent investigation all post-conviction counsel did was rely on notes from trial counsel about things that she thought went wrong at the trial so post the notion that post-conviction counsel somehow made a strategic decision to raise these claims is contrary to the allegations that mr. Dansby's presented in his petition which is post-conviction counsel didn't even know that these claims existed moreover if the state's allegation is that post-conviction counsel made a strategic decision to raise these claims it's only strategic decisions that are made after a reasonable investigation they're entitled to deference and mr. Dansby's alleged that post-conviction counsel not only failed to conduct a reasonable investigation but that they failed to conduct any investigation at all so there's certainly sufficient factual issues to remand to the district court to have an evidentiary hearing on whether post-conviction counsel was ineffective a third way that the state attempts to distinguish sasser is by arguing that mr. Dansby's somehow forfeited his right to an evidentiary hearing but that's just not supported by the record mr. Dansby did withdraw his request for an evidentiary hearing on his first amended petition after he filed his second amended petition so what happened was the district court sets an evidentiary hearing on mr. Dansby's first amended petition in the interim mr. Dansby files a second amended petition and says I don't want a hearing on my first amended petition I want a hearing on my second amended petition and the district court says okay I'll cancel the hearing on the first amended petition but I want to review the state's response to your second amended petition before I decide whether an evidentiary hearing is warranted after it reviewed the state's response it decided that no hearing was warranted basically on grounds that contradict sasser because the claims were procedurally defaulted and that ineffective assistance of state post-conviction counsel couldn't excuse the default as a matter of law so mr. Dansby requested an evidentiary hearing on his second amended petition and he was denied that hearing on grounds that contradict sasser the final argument that the state gives for distinguishing sasser is that the district court allowed an expansion of the record below again that's just a misreading of the on his confrontation clause claim on the confrontation clause claim that this court considered several years ago and the expansion of the record was limited to the confrontation clause claim the district court specifically denied mr. Dansby's request to expand the record on his ineffective assistance of counsel claim so as to the claims before this court there was no expansion of the record and the district court denied mr. Dansby's request to the last substantial issue that the court may have to consider here is whether into what extent Trevino applies to claims of ineffective assistance of appellate counsel that and you have this so-called gateway theory which is will also be an exact right the state has the state's response brief acknowledges that Trevino should apply as a general matter to gateway claims of ineffective assistance of counsel the state's position is just that mr. Dansby's gateway claims are not substantial so as a matter of law the state says that Trevino should in theory apply to gateway claims why is that why why why would why should we create another equitable exception to Coleman for amendment claim available if you make the showing well it's not another equitable exception it's the same equitable exception because what the what the Supreme Court said I believe it was in Murray v. Carrier is that at if you are using a claim of ineffective assistance of trial counsel to excuse a procedural default then that claim of ineffective assistance of trial counsel itself has to be exhausted and is subject to the procedural default doctrine but if the procedural default doctrine applies then it applies in its entirety so if we're going to apply the procedural default doctrine to gateway claims of ineffective assistive counsel then the entirety of the doctrine has to apply both you yeah I think the other side of the argument is that the court attempted to cabin Martinez to trial counsel and effective assistance claims and what I'm trying to understand is what I understand what you want but I'm trying to understand why you need that to get relief because if you can show ineffective assistance that was your gateway you've already shown prejudice under Strickland on the Sixth Amendment claim and you only need one claim to get relief so I understand your legal argument but can you just explain as a I raised this argument and we raised this argument because I was not a hundred percent clear that we had raised freestanding claims of ineffective assistance of trial counsel related to every claim of trial error in the petition you're saying if it's not pleaded correctly and that there's some or not right up ideally right so so you know you need it because you didn't plead a Sixth Amendment claim as to a certain I'm not saying that we didn't plead a Sixth Amendment claim with respect to every error I'm saying that I wasn't confident that we had pleaded a Sixth Amendment claim with respect to a litigant could get relief by pleading the Sixth Amendment claims as to all underlying air I think that that's true because it's it is true that if you have established ineffective assistance of trial counsel with regard to a claim of trial error then you have established an independent constitutional claim anyway you want to speak to a pellet count right right and I want to jump off something that your honor said which is that Martinez is supposed to be limited and I think that the way to understand how Martinez is limited is the way that the Ninth Circuit understood it in win because there is that limited limiting language in Martinez that says we're not throwing out Coleman Coleman still applies with the exception of the circumstances here and what the Ninth Circuit said that meant and what I think is the best reading of Martinez in light of Trevino is that Coleman continues to apply when what forfeited the claim what caused the procedural default is ineffective assistance of post conviction counsel in a proceeding other than the initial collateral review proceeding so if ineffective assistance of post conviction counsel on appeal from the denial of state post conviction relief causes a procedural default Coleman still applies Martinez is no help and that's the way to read Martinez is limiting language that was the situation that was actually presented in Coleman in Coleman it was ineffective assistance of post conviction counsel on appeal that caused the procedural default and the limiting language in Martinez clarifies that Coleman continues to apply to that extent and we agree with that we're not asking the court to hold otherwise our claim is that it was ineffective assistance of state post conviction counsel at the initial review collateral proceeding so I think that the logic underlying Martinez is that a substantial claim of the denial of a fundamental constitutional right deserves one fair opportunity to be heard and where ineffective assistance of state post conviction counsel deprives a prisoner of his one fair opportunity to have a claim of a denial of a fundamental right heard in state court that the federal courts have to step in and provide a remedy and that's the logic underlying Martinez if the default was only by a direct appeal counsel wasn't the claim heard by the original trial court if there was one state court in the case of direct appeal counsel the claim is of appeal counsel so the substantive claim is ineffective assistance of appellate counsel the one fair opportunity to have a to have that claim heard the claim of ineffective assistance of appellate counsel would have been the initial review collateral proceeding and if ineffective assistance of state post conviction counsel here state post conviction counsel didn't raise any claims of ineffective assistance of appellate council and so mr. Dansby was deprived of his one fair opportunity to have that substantive claim heard but the underlying claim whatever it is you say appellate counsel should have raised on appeal was heard by the state trial court in that trial in ours in that scenario I don't think that the trial courts hearing of the claim counts for the same reason that the Supreme Court has said that there is a right to ineffective assistance of counsel on appeal so the effective assistance right right that that there is a right to effective assistance of counsel on appeal so it's it's a one fair opportunity to have the claim heard after trial is the best way to read the Supreme Court's cases and that's why that's why if it's versus Lucy came out the way that it did so that logic would extend both to the both to the substantive claim of ineffective assistance of appellate counsel and to any underlying claims of trial error that were forfeited by ineffective assistance of appellate counsel and if there are no further questions I'll reserve the remainder of my time for rebuttal okay Thank You mr. Lee mr. Harris good afternoon may proceed good afternoon your honor may it please the court I'm Christian Harris for the mr. Dansby's points in the same way in the same order that he raised them because of those were the same points that I intended to talk about I want to start off with the way that mr. Dansby characterizes the holding in sasser I think judge Carlton is absolutely correct in his reading of sasser in the Britain the supplemental brief I understood mr. Dansby to be saying that that invoking sasser is a talisman and if you and if you invoke sasser you get an automatic evidentiary hearing on whatever ineffective assistance claims that you happen to raise and I was going to point out that just as just called and pointed out the court did not do that in sasser with the way what it looked what it seemed what the court did was as you pointed out that there were 16 ineffectiveness claims raised and the opinion states that you carefully scrutinized the record and determined that 12 of them were without merit or procedurally barred or both and four other claims those claims that were very closely related to sasser's mental retardation claims were remanded and I want you to do the exact same thing that you did in sasser and I took the invitation I want you to carefully scrutinize the record mr. Dansby's claims not only in light of the pleadings which is not all that we have of course in a habeas case but in light of the state court record and I think when if you do that you'll see that those all of his claims that he's are either Martinez does not apply to them for one reason or another or they are plainly the record the state court record conclusively shows that those claims are without merit and the the the idea that a well I should say this too we took the states we took the court's invitation for supplemental briefing on Trevino especially after the sasser panel opinion came out to be a command that we do our very best to take these 40 some-odd claims of ineffective assistance that you can glean from the second in a petition that are some of them are scattered throughout the petition and do our very best to take the rule of Martinez in conjunction with the state court record and try to assist the court and give our best argument as to why those claims should go back for a remand as the four did in sasser or not and we were quite surprised that and we and we did make up I'm sorry judge Carlton and our brief represents our best effort to do that we tried to categorize the claims according to appellate in effectiveness of appellate counsel claims claims to that are by Arnold versus Dormier because they were raised and ruled upon by the state post conviction in the initial review collateral proceeding but simply not taken up on appeal and I did my best to take the remaining claims which are multifarious and scattered throughout the record and difficult to glean and try to divide those into categories and explain our best effort as to why those claims are not substantial and I was quite surprised to see the dance we did not do the same thing as brief doesn't give you any guidelines as to why any in particular claim of ineffective assistance is substantial under Martinez he's tried to shore that up some new arguments I haven't heard before and I'll do my best to do to respond to those one quick note about the certificate of appeal Billy which I think is a spurious argument the idea that you somehow have already done all that work for us and determined all claims are substantial doesn't make any sense because then you wouldn't have asked for supplemental briefing I assume and there's a note about the COA standard that should guide you as far as determining a substantiality of claims we mr. Dansby seems to assume that the slack versus McDaniel COA standard applies to that but remember Martinez used a CF signal when it cited Martinez as an example to determine whether a claim had some merit cited Miller elegance Cockrell you mean Miller yeah I'm sorry your honor Miller the COA standard look see away of course CF of course means that the the authority cited supports a different proposition that's sufficiently analogous to be helpful to determining that particular claim and so the COA standard is supposed to guide the courts discretion in an analogous fashion when you're when especially if you think about it in terms of a district court trying to determine when it's faced with a petition whether the claims have some merit or not the COA standard might be helpful in that in that initial exercise of judicial discretion the COA standard is not a burden of proof in other words but what do you have to say about the arguments raised today about the guilt phase the penalty phase and well at a fiction counsel's ineffectiveness at a high level I have several things to say about the how to approach how the court should approach the application of Strickland to post-conviction counsel's claims I'm sure we don't have time to go through chapter and verse every all of these all of the types of claims but in general if we're going to measure post-conviction counsel's performance according to Strickland then you get the result of a strategic choice and it's the respondents burden I mean the petitioners burden to overcome that and in this case we say that post-conviction counsel strategy is is apparent from the record it's you don't automatically get a hearing on every Strickland claim that comes before you with respect to the to the specific claims the first one that we talked that Mr. Dansby brought up is the idea that we arrested all of our is the self-defense claims and the a new argument has been brought up here as far as I can tell for the first time that it wasn't simply the idea that that the that the that his claims would show that he would have been acquitted of capital murder because he could make out a self-defense defense but that he could have that the strategy is now shifted again to be an allocate an allegation that he might have been able to be convicted of a lesser included offense purposeful first-degree murder or negligent homicide as far as I can tell those allegations when that theory is not in the second amended petition the the citation given for it in the reply in mr. Stanton and mr. Dansby supplemental reply brief is a citation to page four of a supplemental brief and a third amended petition that has been filed below and a little bit of background about that that third amended petition so I can't find an allegation about purposeful first-degree murder or negligent homicide with respect to the self-defense claims and it is we're here on a allegation that the district court in its in its two orders denying relief erred in finding that these claims were procedurally defaulted based on the allegations in the second amended petition and it's and it's completely unfair to hold the district you can't you can't reverse whether the you can't reverse the district court based on allegations that are in a petition that it has not been that it has never considered and third amended petition just for a brief background on that is during the brief interim between the last argument that we had and and the Supreme Court's GVR this case was briefly pending and before the petition on bonk I saw the rehearing petitions this court with this case was very briefly before the district court again and mr. Dansby filed a motion to file a third amended petition that was most of it was devoted toward attempting to replete the confrontation clause and Brady claims and there was a footnote that said I reserve the right based on what happens in Martinez to replete all the rest of these ineffective assistance claims which as a side as a little sidebar is sort of emblematic of the way that this that mr. Dansby has constantly tried to recast old claims in new ways and replete ineffective assistance claims in new ways and I fully expect that pattern to continue if you give him the opportunity to go and and do that but he filed a motion for leave to file a third amendment petition and that motions never been granted or acted upon so with respect to the the evidence of guilt and for sentencing in this case is incredibly strong the Arkansas Supreme Court called it overwhelming this court said that there was room for sufficiency and with room to spare this is a incredibly powerful guilt phase guilt evidence of guilt the forensic evidence which is that Brenda Dansby was shot with her own gun here behind her left armpit and all right here on her on her ear and locations that are extremely doubtful to believe that that was that those were in self-defense and Ronnie Kimball was found at the end of a blood trail having been shot once in the chest and five times in the back and though that forensic evidence was confirmed by all the eyewitnesses that testified and the confession witnesses Dansby including Dansby's own confession through the police officer so it's an incredibly strong case for guilt with respect to sentencing all three of the aggravators likewise had overwhelming proof there are three aggravating circumstances were found one was that Dansby and put another person in substantial danger of death roughly speaking that was Justin Dansby when he entered his Dansby's Brenda's house with two guns and started shooting Ronnie Ronnie Kimball that he previously was convicted but that he previously committed a violent felony and two of those were proven during the during the aggravating during the penalty phase one with a transcript of a revocation hearing where he raped Brenda Dansby at knife point and the other where he abducted her from her sister's house at gun with a gun held to her head testified to by hers by Brenda's sister and two disinterested across the street witnesses and finally the cruel depraved aggravator which was proven by the eyewitnesses that both of the victims were uncertain as to their fate so the reason that is important is because we have to judge post-conviction counsel's decisions not only with the not only with the presumption that what post-conviction counsel did was strategic but also within the context that post-conviction counsel was trial post-conviction counsel had to at some point post-conviction counsel has to make a list of claims subject to the rules that govern post-conviction proceedings in Arkansas it's rule 37 you have page limit and time time limits for submitting the claims Dansby overcame both of those because the state didn't object to his expanded petition but at some point counsel has to make a list of claims that are important enough and compelling enough to include in her post-conviction proceeding what I heard today is the argument that post-conviction counsel didn't do a reasonable investigation of Dansby's childhood and therefore no strategic decision to omit that claim is entitled to deference and that if he'd done the investigation he would have found this insecure attachment psychological problem that would be mitigating do you want to speak to those points yes your honor that is an invalid theory for two reasons number one counsel did the state court record shows that counsel must have investigated Dansby's childhood because she called multiple witnesses both in the guilt phase and in the penalty phase to demonstrate that Ray Dansby was a good kid that came from a good family his pastor testified in the guilt phase his mother testified his sisters testified and the second reason is that the the well there's another sub reason to there was psychological testimony during the penalty phase about Ray Dansby's codependent destructive relationship that she had with Dansby dr. money penny testified all about that and taking the taking the penalty phase that counsel decided to present as a whole what what penalty phase what counsel tried to prove in the penalty phase was that Ray Dansby was a fundamentally a good man a good kid from a good family and from a good community and that don't know why he did what he did you've convicted him of it and we're trying to explain that he was fundamentally a good person don't know why exactly these tragic events happen we know it had something to do with Brenda Dansby because dr. money penny told them that they had this on again off again relationship Brenda Dansby's sister testified that Ray was not like that except when he was around Brenda Dansby so something it had something to do with Brenda don't know what it was his parole officer testified that he completed the parole for his first offenses without any incident this is a otherwise peaceful person don't know why he did that but he's in so at a high level they used a combination of the sort of psychological defense that Dansby now says wasn't done combined with a family sympathy defense that he was a good a good kid from a good family that's presumed to be a reasonable strategic decision to present that view that type of humanization of Dansby to the jury then the type of terrible childhood sort of defense and in an attachment disorder defense that Dansby says now and the reason that another reason that's invalid there's there's no showing at all that somehow counsel in order to find that counsel was ineffective in presenting the defense that she did at penalty phase you'd have to show that she was not hurt she's being so unreasonable and putting together that defense that she wasn't even functioning as an attorney just incredibly high bar that that that the state court record simply does not support and so what Dansby's defenses about the insecure attachment disorder boils down to is that they have a different way that they would have proposed to human to try to humanize Dansby to the jury which would be to show that he was a bastard son of a person who was a hustler and a gambler Kaido branch Dan's whose biological father and then his mother was a terrible person who went through serial affairs a sort of serial monogamous borderline that she was a whore and there's no evidence in the record at all that Dansby would even agree to that kind of defense it would have necessarily destroyed whatever mitigating evidence that that Marie Dansby's testimony in the guilt phase in the penalty phase had created any kind of mitigation value of her testimony there's no so that the choice if the choice is between humanizing Dansby in the way that defense counsel did during the penalty phase and humanizing Dansby in the way that counsel did that the but mr. Dansby now says he wishes what would have been done the most you can say about that is that it would have been one other way to do it I don't think you can look at the presentation that that mr. Dansby submitted to the jury and say that it was an irrational presentation that came out of nowhere clearly wasn't and it's well within and we're presumed that this defense counsel who knew that jury having for dired them not only in Dansby's case but in previous cases this is an old panel that she and both she and the prosecutor had for tired before that prosecutor living in that community of El Dorado at that time you have to presume that she made a strategic judgment to present Dansby as a good person from a good community rather than a train wreck person who came from an incredibly horrible community and it so happens that there's a Supreme Court case Cullen versus pinholster that endorses that logic sometimes a family defense family sympathy defense is more is can it can reasonably be chosen over the type of humanization that mr. Dansby puts forth now if I could move on to if I might move on to direct appeal in effectiveness claims there's three reasons that we think that direct appeal in effective assistance claims shouldn't fall that you shouldn't hold certainly that direct appeal direct appeal in effectiveness claims should should not fall under Martinez one is the language of Martinez itself as a general matter I think even Dan's me is conceded that as you pointed out judge Colton the language of Martinez attempts to cabin Martinez and it's sort of thing I get the sort of feeling from mr. Dansby that he regards Trevino as the sort of new day where now any any proposed extension of Martinez needs to be endorsed because mark because Trevino applies to states like Arkansas and Texas and that's simply not the case the the language of Martinez says trial counsel in almost almost every time that they refer to the receipt to the exit to the exception they say trial counsel the holding of the opinion is this this opinion qualifies Coleman by recognizing a narrow exception inadequate assistance of counsel at initial review collateral proceedings may excuse a claim of ineffective assistance at trial Trevino invokes the same the same language about trial counsel and both cases are are go on to state that the the reason that it's unfair and the and where this equity springs from is because trial is the most important part of the criminal justice system and therefore ineffective assistance of trial counsel claims are the most important type of ineffective assistance of of counsel claims like judge like Chief Justice Rehnquist said in Wainwright versus Sykes the trial is the main event it's where society's resources are concentrated so that we can within the limits of human fallibility determine whether one of our citizens is guilty or innocent Martinez refers to the importance of trial counsel again and again and there's not any indication that it that Martinez certainly thought that direct appeal and effective assistance was on the same plane and it's not and I can explain that by distinguishing the Nguyen case that Dansby relies upon the right to effective assistance at trial and the right to effective assistance on direct appeal come from two different parts of the Constitution direct like Douglas versus California and Evans versus Lucy tell us that the right to ineffective to effective assistance on direct appeal comes from the due process clause in the equal protection clause it would be constitutional if a state did away with the system of direct appeals altogether and that's the fundamental reason that the Nguyen case is that you should not follow its holding because Nguyen states explicitly that the right to effective assistance on direct appeal comes from the Sixth Amendment which is a significant error of law Nguyen says this is on page 1294 the opinion the Sixth Amendment right to effective assistance of counsel applies equally both trial to both trial and appellate counsel that's an error of law that is significant Douglas versus California says state doesn't have to have direct appeals at all but if it does due process and equal protection compel you compel us to grant you the right to an attorney and have it says an effective attorney which is the same way because we don't want a moneyed defendant having an advantage over an indigent defendant defendant on appeal and so the centrality of the trial as the cornerstone of our justice of our criminal justice system simply does not apply to direct appeal it's important very important but it doesn't apply to the same the same the same extent and unless and until the Supreme Court does either overrules Martinez or expands Martinez to claims of ineffective assistance of counsel we think not only is it bad doctrinally for that reason but you're bound as an in as a as a court of review to apply Martinez as it is written and of course mr. Denzel say well you know mr. Harris told you last time don't it doesn't apply because you have to apply Martinez narrowly doesn't apply to Arkansas because we could raise claims on direct appeal but that that ended up not being right but I will persist in saying that and that your duty bound to apply Martinez as it is written and Trevino doesn't signal Trevino is just an application of the of the principle of the equitable exception to a different set of state pokes conviction rules one to ask you about the argument from mr. Dansby that some of his claims are not exhausted in state court yes your honor you respond about with the Wooten case but does the state also waive any exhaustion that mr. Dansby claims is still available such that we don't have to worry about Wooten and whether it's been abrogated and so forth or have you considered that question I can't I can't I don't frankly I don't understand Dansby's argument that we've waived that no I'm asking whether you are now waiving it because I think I read your brief to say you don't want the you think the claims are exhausted because there is no forum available in state court and I think Dansby is saying well no that's what Wooten said but there's some subsequent Arkansas law that suggests maybe there is a forum available but if the state is saying and if we're willing to fork we're willing to give that up and waive exhaustion and let the federal court address the matter in the first instance without a state court ruling and the potential that EDPA would apply and so forth then I think the state can waive exhaustion so I wondered when I read that you were arguing that they are exhausted because of Wooten that's another way of waiving any exhaustion that's required if Dansby's right about Wooten or not right you can't enforce an exhaustion defense against I think against the state unless we waive it expressly waive it judge Calton I don't know I'm I'm you're not expressly waiving it right now I've sort of want to say yes but I would need to think through the ramifications of that I most of my brief was trying to push back against the idea that Dansby is using exhaustion one of my defenses as an offense against me I understand it's a little bit of a an inverse of the normal briefing on this issue but your position in the brief as I understand it is that the claims are exhausted yes right yeah I think they're exhausted by virtue of their procedural default but saying he could still go back and so you might want to think about that okay can I advise the court within 24 hours of whether I'm by 28 J letter whether I can waive I I'm low enough on the totem pole that I think I better ask somebody else before I take that step I'd be up to the chief judge okay well we'll give you all the way till Monday oh thank you very good very good that's good because what my sick children at home too I saw I'm gonna be taking a time for them one last thing I didn't hear any does is there are there any other questions the court has about direct direct appeal and effectiveness I have one other point that I'd like to cover which is and to say this with all with all love for my opponent the the there's a we share the opinion and the concern expressed in the denial of en banc rehearing en banc in sasser about the massive delay that is intended upon that's intended upon this case and I think that the procedural history that my friend is alluded to about his withdrawal of his first amendment petition and a request for a hearing on the second amendment petition leaves out a significant amount of behavior litigation behavior that you can only call gamesmanship that led up to the up to his decision to ask judge Dawson to cancel the hearing he leaves out that numerous serial requests to the continuances an affected misunderstanding of what claims would be considered at the first hearing by the way there were also some ineffective assistance of counsel claims that were set to be heard in that hearing if you look at judge Dawson's original order they weren't the same claims that Dansby raises now they were the claims that the Arkansas Supreme Court adjudicated on the merits hard for me to believe that Dansy would not find a way to adduce evidence in his original hearing that would be written that might be relevant to all of these other claims but leaving that aside he got us I think a seven month extension to of the of the evidentiary hearing propounded over broad and burdensome discovery requests on the state that judge caught that judge Dawson called a fishing expedition and there's a lot if it's a that procedural history is covered in the in my statement of facts from my original brief I think at page 41 through 60 took 19 pages to explain it and I apologize for that but delay is a real concern in this case especially I already know we already know that Dan's gonna recast these petition recast his claims in a different way if they get recast enough of course they'll be time-barred but we that we what we would like the court to do is do the exact same thing that you did in sasser Oh had one other note about sasser as well about those claims it looks like to me the first question that's going to be resolved by the district court in sasser is whether or not those four claims were in fact raised in the initial review collateral proceeding or not raised that it became sort of a swearing contest between the attorneys of how they read the record and could could very well be the case that the district court will say those will determine that those claims were raised and then defaulted on appeal in which case Arnold versus Dormier would bar consideration of those claims we don't see any reason that those that the and if not then they'll be then they'll be adjudicated it for in the same manner that is described in the rehearing panel rehearing opinion but we would like you to do the same thing that you did in sasser carefully scrutinize these claims together with the state court record and I think you'll see that the that the that the record conclusively shows that those claims either Martinez doesn't apply to them I didn't even mention our our honor the claims that in his petition that are barred by Arnold was one claim I think it was 26 that they argued district court violated damer versus McDonough on yes didn't see a response does that that is one of the matter does that fail for some other reason that's a claim of Vorda or ineffective assistance right I think and the district court's suespanti said it was defaulted without notice but there is some question whether it is defaulted because the I forget what I forget what Dan's says now on that but I think there's some question whether it really was defaulted the procedural history I five seconds left may I try to answer the question as best I can yeah I'm under the pressure that's not defaulted so why don't you go ahead and answer assuming it's not defaulted what's your answer and and the way that I remember to claim 26 it's intended to be come under our first point on appeal it falls into the client into the class of claims that are plainly non-meritorious because the the Vorda or claims that are lodged in it are plainly meritless under the state court record for example one of the claims was that a witness was there was a there was not a witness I'm sorry a veneer member one of the potential jurors said that she was Justin Dansby second-grade teacher Justin Dansby is the boy that is the son and it's alleged that the question that counsel was ineffective for not properly striking making an argument to strike that juror for cause and I think if you look at her answers you'll see that she in line with the applicable law which is generally speaking that the juror has to say that they can set aside their impressions and follow the law she said exactly what you what is required under the law to deny a strike for cause and so and I don't remember any additional argument or additional reasons that that juror was struck claim 26 is interesting too because it is a claim like some of the other claims that alleged for the first time in the in the second amended petition that not just the lead counsel during the defense whose name is Jan Thornton was ineffective but also that the that Dansby's other lawyer DeeDee Sallings was ineffective and I know I'm way out of time but that claim we say post-conviction counsel reasonably decided not to make any ineffectiveness claims against DeeDee because she was their witness their main witness and so that to the extent that claim 26 says that my DeeDee Sallings testified in rule 3 in the in the initial review collateral proceedings to the effect that I was backup counsel by the scope of my representation was not such that I couldn't actively participate in the trial but my goodness I saw things go completely off the rails and I saw Jan make all these mistakes during for Dyer and I kept trying to urge her to to fix the mistakes and then she just wouldn't do it the second amendment petition for the first time says that it was incumbent upon miss Sallings to I suppose jump up and push miss Thornton out of the way and take over for Dyer in order to prevent those things and that line of questioning is plainly inconsistent with what is obviously a reasonable rule 37 strategy of use one of the won't use one of the lawyers as the witness against the other so we answered that that we somewhat botched our response to claim 26 and in our response because we originally read that entire claim as only being aimed at DeeDee Sallings and those claims are are indeed procedurally defaulted because post-conviction counsel quite reasonably decided not to allege that their star witness was also ineffective during the rule 37 petition they decided they didn't want to time to expire thank you your honor okay Lee how much time about three half give me a five minutes since council got a lot of time the first thing I want to address is the first thing that my colleague said which is the notion so our theory of guilt-faced prejudice is not limited to self-defense but also encompasses lesser included offenses my colleague said that that's being raised for the first time now that's just not the case I'll point the court to the place in the second amended petition that raises that issue it's paid 64 appendix a 64 of the appellant's appendix and on that page mr. Dansby is concluding his sub claim of ineffective assistive counsel for failing to produce self-defense evidence and he says quote reasonably competent counsel would have investigated and and presented a compelling claim of self-defense and then at a minimum the jury would have convicted him of a lesser charge such as manslaughter and would never have found him guilty of capital murder or sentencing to death so it's obvious that based on what he says on page 64 that mr. Dansby's theory of prejudice is not only that the jury would have acquitted him outright but at a minimum that the lesser charge such as manslaughter that's exactly what I argued here today so what I'm arguing here today is not new it's exactly what I argued in the district court as far as the briefing the the position I took in the briefing in which I maintain today is that the court meant what it said when it granted a COA on these claims that the claims are substantial on the merits that's what the court found when it granted a COA and it was right to do so for the reasons that I've said today now I also want to address what mr. Harris said about the merits of the ineffective assistance of penalty phase counsel claims their argument suffers from the same flaw that their argument about post conviction counsel suffers from which is that it is a post hoc rationalization and in Wiggins versus Smith the Supreme Court said just as you can't second-guess a strategic decision made after a reasonable investigation you can't invent post hoc rationalizations for counsel's performance they again have said that look penalty phase counsel had these two defenses to choose from and their choice was not an unreasonable one but that's not what we're alleging we're alleging that penalty phase counsel failed to conduct a reasonable investigation and that they never knew that this other theory existed and where penalty phase counsel failed to conduct a reasonable investigation as they did here any so-called strategic decision is not worthy of any deference that's Strickland another point it's not true that Ronnie Kimball was shot in the back five times the record was that he was shot in the back one time let's see in response to judge Colleton's question about further state remedies I didn't read the state's brief to say that there were no further state remedies the state said that Wooten says that motions to recall the mandate don't count for federal habeas purposes and that's the only possible remedy is a motion to recall the mandate so I read the state's brief to be saying he may have a remedy but it's not one that counts because of Wooten you mean and therefore it is exhausted it doesn't count right but but not that the state courts wouldn't hear it they I think that they would hear it so well go ahead yeah take your time I understand right the last thing is that if this court is going to reconsider the substantiality of these claims apart from the COA it shouldn't do it in the slicing and dicing manner that the state does it in its brief there's no support for the proposition that an ineffective assistance of counsel claim is counsel didn't ask this question counsel didn't ask this doc didn't introduce this document an ineffective assist of counsel claim is the way that mr. Dansby presented it in his petition counsel failed to discover and present evidence of self-defense and the prejudice is he would have been acquitted outright or convicted of a lesser included offense so it should look at the claims at a medium level of generality for the if you do that it's clear that mr. Dansby's claims presented in his federal petition rely on substantially different facts specific allegations of deficient and performance and prejudice that were never presented in state court and therefore the ineffectiveness is of state post-conviction counsel at the initial collateral review proceeding and for those reasons this court should vacate and remand for further proceedings in light of Sasser okay thank you very much we appreciate your arguments both in your briefs and in your oral arguments today and we will take it under by advisement and be back to you in due course as you know these kind of cases take time because they require a lot of review so be patient thank you with that I think it concludes our afternoon and we'll be in recess and the court we reconvene tomorrow 9 a.m.